IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        v.

KEITH LAWRENCE. MCMURRAY,

                     Defendant.

No. 3:12-CR-00360-HZ
(referencing 3:15-CV-00711-HZ)

OPINION & ORDER

Billy J. Williams
Acting United States Attorney
Stephen F. Peifer
Assistant United State Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Ave., Ste. 600
Portland, OR 97204

      Attorneys for United States of America

//

//

1 – OPINION & ORDER

Keith Lawrence McMurray
74422-065
United States Penitentiary
P.O. Box 24550
Tucson, AZ 85734

    Pro se Plaintiff

HERNÁNDEZ, District Judge:

    Defendant Keith Lawrence McMurray, an inmate in custody at the United States Penitentiary in Tucson, Arizona, filed the present motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed in United States v. McMurray, Case No. 3:12-cr-00360-HZ (D. Or. Apr. 8, 2014). McMurray argues that his defense counsel's advice to abandon a pending motion to suppress evidence in favor of entering a guilty plea to one count of sex trafficking amounted to ineffective assistance of counsel in violation of his Sixth Amendment rights. He also accuses his lawyer of failing to conduct an adequate investigation into exculpatory witnesses. The Court finds that McMurray has failed to carry his substantial burden to show that his counsel's conduct fell below an objective standard of reasonableness and therefore, his motion is denied.

## BACKGROUND

    In July of 2012, a grand jury indicted McMurray on five counts: sex trafficking of a minor (carrying a mandatory minimum sentence of ten years, up to a maximum of life); sex trafficking by force, fraud, or coercion (mandatory fifteen year minimum sentence, up to life); two counts of producing child pornography (each carrying a fifteen year minimum sentence, up to thirty years); and an individual required to register as a sex offender committing a felony involving a child (mandatory consecutive ten year sentence). He initially pleaded not guilty to all counts.

2 – OPINION & ORDER

The Court appointed Ms. Kristen Winemiller as McMurray's lawyer in April of 2013; she was his third lawyer in the matter. McMurray specifically requested Ms. Winemiller because she had assisted him with other matters in the past. Winemiller Declaration ("Decl.") ¶ 1. On August 2, 2013, Winemiller filed a motion to suppress evidence seized during a warrantless search of McMurray's cell phone and residence. Evidence derived from later forensic analysis of the seized materials, which included computers and additional cell phones, formed the basis of the sex trafficking and child pornography charges against Murphy. According to the motion to suppress, "[n]o significant evidence [could] be traced to source other than the warrantless searches and seizures[.]" Mot. to Suppress, ECF No. 41, at 2–3.

On September 4, 2013, the Court had scheduled a hearing on McMurray's motion to suppress. That morning, McMurray withdrew his motion to suppress and pleaded guilty to a single count of sex trafficking of minor. The plea included an agreement that the government would dismiss the remaining counts, an estimated sentencing guidelines calculation, and an agreed-upon recommended sentence of between fifteen and twenty five years. At the change of plea hearing, the Court conducted a colloquy with McMurray, reviewed the plea agreement and plea petition with him in detail, and confirmed with McMurray that he had fully consulted with his lawyer about the plea. McMurray acknowledged that he offered his guilty plea freely and voluntarily, that he understood the allegations in the indictment and the plea petition, and that he admitted facts which proved each of the necessary elements of the crime to which he was pleading guilty. See Transcript of Plea Hearing, ECF No. 72 at 23–28. He also acknowledged that he knew he was giving up his right to pursue the pending motion to suppress. Id. at 10.

At sentencing, the Probation Office recommended a 292-month sentence, the government recommended 300 months, and McMurray's attorney recommended 150 months. The Court imposed a 204-month sentence on April 7, 2014, and entered judgment two days later.

Approximately one year later, McMurray filed the present motion in which he asserts that Ms. Winemiller rendered ineffective assistance of counsel in recommending that he abandon the motion to suppress in favor of pleading guilty. He also alleges that she failed to adequately interview exculpatory witnesses who, McMurray claims, could have bolstered the motion to suppress with testimony about what they witnessed during the search of McMurray's residence.

## STANDARDS

To succeed on an ineffective assistance of counsel claim, a petitioner must prove both that 1) counsel's performance fell below an objective standard of reasonableness, and 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Knowles v. Mirzayance, 556 U.S. 111, 121–22 (2009); Strickland v. Washington, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

To prove the deficiency of counsel's performance the defendant must show counsel made errors so serious that his "representation fell below an objective standard of reasonableness" under prevailing professional norms. Stanley v. Cullen, 633 F.3d 852, 862 (9th Cir. 2011) (quoting Strickland, 466 U.S. at 688). "Judicial scrutiny of counsel's performance must be highly deferential," Strickland, 466 U.S. at 689, and "a court must indulge [the] strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment." Cullen v. Pinholster, 131 S. Ct. 1388, 1407 (2011) (quoting Strickland, 466 U.S. at 689–90)

(internal quotation marks omitted). The reasonableness of counsel's conduct must be evaluated in light of the facts of the case and the circumstances at the time of representation. Strickland, 466 U.S. at 690. Ultimately the defendant's "burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.' " Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 687).

"To satisfy the prejudice prong under Strickland, a defendant must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " Saesee v. McDonald, 725 F.3d 1045, 1048 (9th Cir. 2013) (quoting Strickland, 466 U.S. at 694).

The same two-part standard set forth in Strickland applies to ineffective assistance claims arising out of the plea process. Tardy v. Belleque, No. CIV. 09-424-BR, 2011 WL 722773, at *6 (D. Or. Feb. 23, 2011) (citing Hill v. Lockhart, 474 U.S. 52 (1985)).

DISCUSSION

McMurray argues that his lawyer provided ineffective assistance of counsel in violation of the Sixth Amendment in two ways. First, he asserts that Ms. Winewiller failed to pursue suppression of evidence that was the product of an unlawful search, and second that Ms. Winemiller failed to adequately interview exculpatory witnesses.

1. Failure to Pursue Suppression of Evidence

McMurray asserts the his counsel's performance fell below the objective standard of reasonableness when she "abruptly abandoned" McMurray's pending motion to suppress evidence and instead encouraged McMurray to plead guilty to a single count of sex trafficking

5 – OPINION & ORDER

with a minor. "When a habeas petitioner has pleaded guilty, the 'performance' prong requires a showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases." Tardy, 2011 WL 722773 at *6 (quoting Hill, 474 U.S. at 56–59). Strict adherence to the deferential Strickland standard is "all the more essential when reviewing the choices an attorney made at the plea bargain stage" because "plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks." Brown v. Premo, No. 6:14-CV-00980-MA, 2015 WL 5795877, at *3 (D. Or. Oct. 2, 2015) (quoting Premo v. Moore, 562 U.S. 115, 124–125 (2011)).

McMurray has not met the "substantial burden to show ineffective assistance of counsel" that is required to avoid his guilty plea in this case. Moore, 562 U.S. at 132. Ms. Winemiller's advice to McMurray that he abandon the motion to suppress in favor of accepting a plea offer is well within the "wide range of reasonable professional assistance." Heinz v. Mills, No. 2:11-CV-00950-PA, 2014 WL 4059767, at *6 (D. Or. Aug. 15, 2014) (quoting Strickland, 466 U.S. at 688–89). Had McMurray proceeded to trial on all five counts, he faced more than one mandatory sentence, including the possibility of a life sentence. In her declaration, Ms. Winemiller states that while she did not think a life sentence was likely, she believed "there were scenarios that could have led to a sentence of sixty years," and she thought that "[a] sentence of at least thirty five years was likely if we went to trial." Winemiller Declaration, ECF No. 76-2, ¶ 5. It was not objectively unreasonable for Ms. Winemiller to advise McMurray to abandon the motion to suppress in favor of agreeing to the much shorter seventeen and a half year sentence he ended up receiving. See Perry v. United States, No. 0223T, 2003 WL 22871694 at *3 (D.R.I. Oct. 27,

6 – OPINION & ORDER

2003) ("Counsel made a perfectly reasonable tactical decision to abandon the motion to suppress in order to obtain the benefits of a plea agreement.").

McMurray spends a great deal of time arguing about the strength of the motion to suppress, and the Court commends his efforts and acknowledges the competency of McMurray's Fourth Amendment legal analysis. However, the actual likelihood of the motion's success in excluding the challenged evidence was unclear. For one, the government's response relied in part on McMurray's alleged consent to the challenged searches, an argument that would have required a detailed factual inquiry further complicated by McMurray's status as a sex offender on supervision with a reduced expectation of privacy. See Samson v. California, 547 U.S. 843, 850–51 (2006). Under Strickland, the relevant question regarding the objective reasonableness of an attorney's decision to bring a motion to suppress is whether "no competent attorney would think a motion to suppress would have failed." Moore, 562 U.S. at 124 (citing Kimmelman v. Morrison, 477 U.S. 365, 382 (1986)). Despite his firm belief in the motion's strength, McMurray has not carried his significant burden under Strickland to show that the motion's likelihood of success was so strong that abandoning it in favor of the plea deal was objectively unreasonable.

McMurray alleges that Winemiller "coerced" him into pleading guilty by springing the plea agreement on him in the minutes before the motion to suppress hearing was set to convene. Def. Mot. at 20; 22–23. "The government stood to lose the entire case due to suppression of the primary evidence," McMurray writes, "and yet counsel suddenly became oblivious to the government's precarious position." Def. Mot. at 23. McMurray and Winemiller had been working on the suppression defense for months and thus, he claims, when "Winemiller suddenly advocated capitulation . . . McMurray's will collapsed" and "[h]e simply acquiesced to counsel's direction." Def. Mot. at 22–23.

Other than McMurray's self-serving statements, there is no evidence that McMurray was surprised or "coerced" into abandoning the motion to suppress in favor of the guilty plea. Moreover, his assertion is completely contrary to statements he made in the plea agreement and in open court. At the change of plea hearing, the Court asked McMurray if he and Ms. Winemiller "discussed [the] case fully," if Ms. Winemiller "counseled and advised [him] about the nature of each charge . . . and any possible defenses," and if McMurray was "satisfied with [his] lawyer's help and advice." Transcript of Change of Plea Hearing, ECF No. 72, at 5–6. McMurray answered all of those questions affirmatively, and based on those answers, the Court found that McMurray's plea of guilty was "made freely and voluntarily, not out of ignorance, fear, inadvertence, or coercion." The Court credits those statements McMurray made in court, while he was under oath, as true. Muth v. Fondren, 676 F.3d 815, 821 (9th Cir. 2012) ("A defendant's "statements at the plea colloquy carry a strong presumption of truth."); United States v. Rivera-Ramirez, 715 F.2d 453, 458 (9th Cir.1983) (allowing the court to credit defendant's sworn statements at his plea hearing over subsequent contradictory assertions).

Ms. Winemiller's declaration further supports the conclusion that McMurray's in-court statements more accurately reflect the nature of the plea negotiations. "Mr. McMurray himself was the one who interjected the idea of negotiating the case as we did. He raised the subject with [the investigator] and I well prior to the time his plea was entered." Winemiller Decl. ¶ 8. "There was no surprise announcement at the last minute," she writes, "and I never told him he had no role in making that decision." Id. "It is true we worked out the mechanics close to the time set to litigate the motions but we had been working on dual tracks as we prepared for that hearing. Mr. McMurray was kept apprised of those developments and encouraged them." Id. at ¶ 9. McMurray's after-the-fact, self-serving assertions to the contrary are without merit.

2. Failure to Adequately Interview Exculpatory Witnesses

The second ground McMurray advances in challenging Ms. Winemiller's effectiveness is that she did not adequately interview several individuals who were present at McMurray's residence when his parole officers conducted the allegedly unlawful search. He alleges that "further investigation into witness observations would have revealed facts and information to undergird his suppression defense." Def. Mot. at 28.

Ms. Winemiller states that she hired a "very experienced investigator" whom she believed to be "one of the best in the state." Winemiller Decl. ¶ 3. Winemiller explains that her investigator did in fact interview these witnesses, but "none of them were as helpful as we had hoped." Id. at ¶6. She explains that the primary complainant, one of the witnesses McMurray claims Ms. Winemiller should have questioned more thoroughly, was "in close contact with [the investigator] while the case was pending." Id. at ¶ 6. Ms. Winemiller describes the complainant as "mercurial, to put it mildly, alternately indicating both that she wanted the case dismissed and that Mr. McMurray deserved to go to prison." Id.

While McMurray insists that, upon further questioning, the witnesses would have provided more testimony helpful to his motion to suppress, the Court finds that Ms. Winemiller's conduct was again well within the bounds of reasonable conduct. The Strickland standard affords defense counsel "constitutionally protected independence" and "wide latitude . . . in making tactical decisions." Strickland, 466 U.S. at 689. "Beyond the general requirement of reasonableness, specific guidelines" for constructing a defense "are not appropriate," and "Strickland itself rejected the notion that the same investigation will be required in every case." Pinholster, 131 S. Ct. at 1407 (citing Strickland, 466 U.S. at 691 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations

unnecessary."). Here, Ms. Winemiller hired an investigator with a top reputation who interviewed these witnesses in an attempt to bolster McMurray's case. Unfortunately for McMurray, the witnesses were not as helpful to his case as his defense team had hoped—but that is not a valid ground for finding ineffective assistance of counsel under Strickland. McMurray has not provided the Court any information that can overcome the "strong presumption of competence that Strickland mandates," Pinholster, 131 S. Ct. at 1407.

"There are countless ways to provide effective assistance in any given case," and Strickland requires "a heavy measure of deference" to the defense attorney's choices during the course of their representation. Id. at 1407–08. The petitioner bears a particularly heavy burden in a case, such as this one, where a plea was entered early in the case. Moore, 562 U.S. at 132. "The plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases not only where witnesses and evidence have disappeared, but also in cases where witnesses and evidence were not presented in the first place." Id. McMurray has not met his substantial burden to show ineffective assistance of counsel in this case—he has not produced evidence sufficient to upset the carefully-struck agreement that he made with the government when he decided to plead guilty.

In light of McMurray's plea, the record before the Court conclusively shows that he is not entitled to relief, and therefore he is not entitled to an evidentiary hearing on his § 2255 motion. 28 U.S.C. § 2255(b); United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003).

//

//

//

10 – OPINION & ORDER

CONCLUSION

For the reasons stated, McMurray's motion [67] to vacate or correct sentence under 28 U.S.C. § 2255 is denied. The Court declines to issue a Certificate of Appealability because McMurray has not made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this ___31___ day of _____October_____, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge