IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    No. 3:12-cr-00360-HZ-1

              Plaintiff,                    ORDER

    v.

KEITH LAWRENCE MCMURRAY,

              Defendant.

HERNÁNDEZ, District Judge:

    Defendant Keith L. McMurray moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Government opposes Defendant's motion. Because Defendant has not demonstrated extraordinary and compelling reasons for his release, the Court denies Defendant's Motion to Reduce Sentence.

---

[1] The Government concedes that Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A). Govt. Suppl. Resp., ECF 91.

**STANDARDS**

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). However, with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on their behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 801. On a defendant's direct motion for compassionate

release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

Defendant pled guilty to sex trafficking a minor in violation of 18 U.S.C. § 1591(a)(1), (a)(2), and (b)(2) and was sentenced to 204 months in prison and 10 years of supervised release. ECF 54, 65. Defendant has over five years left on his sentence.

Defendant argues that his family circumstances provide extraordinary and compelling reasons to reduce his sentence. He also argues for a reduction in his sentence in the interest of justice because he contends that the search that led to his incarceration was unconstitutional.

I.      Family Circumstances

Defendant contends that caring for his ailing mother qualifies as an extraordinary and compelling reason justifying compassionate release. Defendant's mother suffers from debilitating mental and physical health conditions. Def. Ex. I at 65–68, ECF 86. She is unable to care for herself and lives with significant pain. Def. Ex. J at 1–2, ECF 86. Other family members offer her limited support due to their jobs and other family commitments. *Id.* at 1–3. Defendant would like to provide permanent live-in care for his mother.

The Court appreciates that Defendant's mother needs more help than she is currently receiving. However, Defendant committed a serious offense that carried a significant sentence. A consequence of that sentence is not being available to support family members as he desires. Defendant's mother does have some support from her sister and other son and enages with social service programs. Accordingly, the Court declines to exercise its discretion to find extraordinary and compelling circumstances on these grounds.

Next, Defendant asks for compassionate release so that he may care for his minor child. Defendant's son was removed from his biological mother's custody in 2018. Def. Ex. D, ECF 86-1. Since then, he has lived in the same Behavior Rehabilitation Services non-relative home. Def. Ex. C, ECF 86-1. The Oregon Department of Human Services (DHS) seeks to place Defendant's son in a durable guardianship, likely with his maternal aunt. Def. Ex. E at 43–44, ECF 86-1.

First, the Court acknowledges that Defendant's incarceration and the bureaucracy of the BOP have prevented Defendant from actively engaging with his son. The Court commends Defendant's efforts to become a positive and loving parent to his child. However, this alone is not sufficient to establish extraordinary and compelling circumstances.[2]

Defendant writes that his son "lacks suitable caregivers." Def. Mot. at 13. To the contrary, the record shows that DHS has worked hard to find a safe and supportive environment for Defendant's son. His son appears to be making significant progress under the stability and therapeutic services provided over the last three years. His son has a safe and stable home and the Court finds that Defendant's wish to provide a home for his child does not warrant a reduction of his sentence. This is especially so given the nature of Defendant's crime and the fact that Defendant has no prior relationship with the child.

---

[2] Defendant argues that he's at risk of permanently losing his parental rights. Defendant has never been a legal parent to the child due to his incarceration. *See* Def. Ex. D "DHS Family Report 1/21/2021" at 3 ("There is no legal father." "Keith Lawrence McMurray is the child's biological father."). Regardless, the potential guardianship of Defendant's son would not prevent him from seeking custody in the future should he be released from prison. DHS seeks a "durable guardianship" for Defendant's son. Def. Mot. at 5.; Def. Ex. D at 10. Under Oregon law, a court may vacate a durable guardianship and return the child to the custody of the parent "if the court determines that: (a) It is in the ward's best interests to vacate the guardianship; (b) The conditions and circumstances giving rise to the establishment of the guardianship have been ameliorated; and (c) The parent is presently able and willing to adequately care for the ward." Or. Rev. Stat. § 419B.368.

4 –ORDER

II.    The Alleged Unconstitutional Search

Defendant argues that it is in the interest of justice to reduce his sentence because the search that led to his incarceration was unconstitutional. As the government points out, a motion for compassionate release is not the proper mechanism to challenge the constitutionality of Defendant's underlying conviction. Additionally, the Court addressed this argument on Defendant's prior motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and denied the motion. Op. and Order, ECF 81.

III.    COVID-19 Pandemic

Defendant also argues that the conditions of incarceration during the COVID-19 pandemic favor compassionate release. General concerns regarding the risks posed by COVID-19 to all prisoners do not warrant compassionate release. *See United States v. Carson*, 2020 WL 3896297, at *5 (W.D. Wash. July 10, 2020) (finding the same). Additionally, Defendant's individual circumstances do not justify compassionate release— he does not have a health condition known to increase the risk of severe illness from COVID-19 and is housed in a facility with a low infection rate.[3]

IV.    Sentencing Factors under 18 U.S.C. § 3553(a).

In addition, a reduction in Defendant's sentence is not warranted after considering the sentencing factors under 18 U.S.C. § 3553(a). Defendant has approximately 64 months left on his sentence. Not only did he commit a violent crime against a minor, but he also has a history of predatory sexual conduct and abuse. For example, he committed the instant offense while he was on post-prison supervision for a conviction of Sex Abuse II. The 204-month sentence ordered by

---

[3] As of September 28, 2021, FCI Petersburg Low and Medium had one inmate and zero staff confirmed active cases of COVID-19. Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last updated September 28, 2021).

the Court was necessary to reflect the seriousness of the offense, promote respect for the law,

deter criminal conduct, and to protect the public. As a result, the Court finds that compassionate

release is not warranted.

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to U.S.C.

§ 3582(c)(1)(A)(i) [86] without prejudice and with leave to seek reconsideration if circumstances

change.

IT IS SO ORDERED.

DATED:  September 29, 2021  .

MARCO A. HERNÁNDEZ
United States District Judge